**7** pages
Byron Lee Lynch, State Bar No. 074729
Post Office Box 685
Shasta Lake, CA 96019
Telephone      [530] 244-1235
E-mail           bllynch@me.com

Attorney for Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| In re: | Case No. | 2011-39612-D-7 |
|---|---|---|
| **WILLIAM HARLEN HILL and, COLLETTE ROSE HILL** | MC#: Date: Time: Dept: Ct. Rm | BLL-4 May 22, 2013 10:00 AM A 34 |
| Debtor. | | |

### MOTION FOR ORDER AUTHORIZING TRUSTEE TO ENTER AGREEMENT TO SELL ESTATE'S ASSETS

**Preliminary Recitals:**

1.    By this motion, John Reger, Chapter 7 trustee, seeks bankruptcy court authorization to enter into an agreement to sell all of the remaining assets of the bankruptcy estate to the debtor for $10,000. The property to be sold will remain subject to all liens following the sale.   No liens are to attach to the proceeds of sale. A copy of the Sale Agreement is filed herewith as Exhibit "A".

2.    This case has a torturous history caused in part by disputed allegations that the debtors are undervaluing and hiding assets. The alleging party, a creditor named Don Gross, has tendered offers to purchase assets that would require the Trustee to seize

Motion
(BLL-4)
Page 1 of 7

Law Office Of
BYRON LEE LYNCH
P.O. Box 685
Shasta Lake, CA 96019

and deliver up assets which are scattered, not self propelled, of inconsequential value to the bankruptcy estate, and, subject in part to the debtor's claims of exemption.    Generally there are requirements Trustee is unable or unwilling to comply with.  There is no pending offer from Mr. Gross.

3.    Don Gross, holds a judgment lien in the original amount of $161,006.37, plus interest at the legal rate of 10% per annum from August 31, 2009, against substantially all of the debtor's assets. The property to be purchased pursuant to the proposed sale will remain subject to all liens following the sale, including the lien of Mr. Gross.

4.    Debtor's schedules disclose that there are real and personal property assets with a value of $375,117.23 which are subject to liens in the amount of $861,031.91. Some of the assets have been sold by the debtor, post petition, without bankruptcy court authorization or knowledge of Trustee.  Many of the estate's assets are scattered in different locations and difficult to retrieve.

5.    The debtor's have agreed to purchase all of the bankruptcy estate's remaining interest in property of the estate, including causes of action, if any, to acquire possession, title, or any other right or interest to the estate's interest in property of the estate, including properties that have been sold by the debtors.  To the extend the estate's interest in property is known, a line item list of property is included in the Sale Agreement.    However, the proposed sale includes all of the estate's assets, whether specifically listed or not.  The debtor is in effect purchasing a measure of peace from Mr. Gross and if Mr. Gross wishes to

Motion
(BLL-4)
Page 2 of 7

pursue any further cause of action against the debtor, he should make the highest bid at the hearing on this motion.

6.    The estate has heretofore incurred administrative expenses in excess of any reasonable amount that would generally be attributed to a case of this size and complexity. By this motion, Trustee seeks to conclude any bidding war that may exist on the terms of the Sale Agreement Exhibit "A", without any modification to its' terms, other than the price and the name of the highest bidder. If approved by the court and fully performed by the parties, the Sale Agreement will allow for the estate to close in the near future.

7.    Trustee has considered the benefit to the estate of accepting the bid as opposed to pursuing litigation.   Based on the totality of the circumstances, Trustee has concluded that acceptance of the terms of the Sale Agreement, without modification, is in the best interest of the bankruptcy estate. But for the competing interest of the debtor and Don Gross, this would be a no asset case. Accordingly, trustee believes that the best interest of the estate is served by accepting the highest and best bid at the hearing on this matter. By selling the estate's assets, and assuming the estate's professionals are willing to reduce their fees, some money, albeit a minimal amount, will be available to pay priority tax claims which are non dischargeable.

**Overbids:**

8.    The debtor has deposited the purchase price, $10,000 with Trustee.  Subject to bankruptcy court approval, overbids in $1,000

Law Office Of
BYRON LEE LYNCH
P.O. Box 665
Shasta Lake, CA 96019

Motion
(BLL-4)
Page 3 of 7

increments, which are accompanied by an $11,000 deposit are invited.   Any party who wishes to tender an overbid should contact Trustee or Trustee's counsel not less than 5 days prior to the hearing.  The deposit is non refundable if the sale does not close due to circumstances within the successful bidder's control.

9.      Trustee understands that the bankruptcy court may set the terms of overbids.

10.     When a bid or overbid is accepted by the bankruptcy court, the bidder shall thereby become legally liable to purchase the Subject Property, which is sold as is, without any representations, conditions, or warranties.  The subject property is being sold subject to all liens and the successful bidder will be charged with finding and obtaining possession of any and all property purchased.

**Authorities:**

11.     Chapter 7 trustees may sell property of the estate pursuant to 11 U.S.C § 363(b)(1) and they have a duty to liquidate property pursuant to 11 U.S.C § 704(1).   "The court's obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances".  *In re Lahijani 325 B.R. 282, 288, (9th Cir.BAP (Cal.),2005.)*

12.     Trustee's, and the court, are also required to analyze this matter under both the requirements of a sale and a compromise. *In re Lahijani* (supra).

13.     The court has discretion in approving a compromise, which should be exercised in favor of the compromise if it is fair and equitable.  *In re A&C Properties, 487 F.2d 1322, 1381 (9th Cir.)*; cert. denied sub nom. *Martin v. Robinson, 479 U.S. 854, 107*

Motion
(BLL-4)
Page 4 of 7

S.Ct. 189, 93 L.Ed.2d 122 (1986). The "universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable". *Officers For Justice v. Civil Service Commission,* 688 F.2d 615, 625 (9th Cir. 1982). The court is not required to conduct a mini-trial because such as tactic would remove a primary incentive for settlement - the avoidance of the uncertainty, cost, and time considerations of the litigation. *Port O'Call Inv. Co. v. Blair (In re Blair),* 538 F2d, 849, 851-852 (9th Cir. 1976).* The court need only assure that the proposed compromise "is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned". *Officers For Justice v. Civil Service Commission* @ 625.

14.    Rule 9019, Federal Rules of Bankruptcy Procedure, states in pertinent part:

> a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

15.    In determining whether to approve a compromise, courts have generally considered what has become to be known as the Woodson Factors, which include: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper

Motion
(BLL-4)
Page 5 of 7

deference to their reasonable views in the premises. *In re Woodson*, 839 F.2d 610, 620 (9th Cir.1988); *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).

16.    In this case, the primary consideration is in balancing the cost of litigation against any expected benefit.    Trustee sees no benefit to the estate that would exceed the cost of litigation.  On that basis, trustee has concluded that it is in the best interest of the bankruptcy estate to sell all of the estate's assets, including any cause of action it may have against the debtor.

(a)    The probability of success in the litigation:  Trustee does not believe that there is any viable cause of action that would justify the cost of the litigation.

(b)    The difficulties, if any, to be encountered in the matter of collection:  Measuring this factor is problematic. The cost of determining the location, condition, and recovery of any property cannot be determined without further investigation which will cost more money that the estate is likely to realize from this effort.  Assuming that Trustee discovers some property to be recovered, it would then be subject to the lien of Don Gross and others.

(c)    The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it: This litigation would be factually difficult and burdensome. Trustee would have to locate any party to whom the property was sold to by the debtor, and then file an action to avoid the sale under 11 U.S.C. § 549.  The purchasing party would counter-claim against the estate or the debtor,

Motion
(BLL-4)
Page 6 of 7

Law Office Of
BYRON LEE LYNCH
P.O. Box 843
Shasta Lake, CA 96019

or both.  Any recovery would inure to the benefit of the estate but the cost of pursuing any cause of action outweighs any potential benefit.

(d)    <u>The paramount interest of the creditors and a proper deference to their reasonable views in the premises</u>: Creditors are entitled to voice their views and opinions at the hearing.

WHEREFORE, John Reger, Chapter 7 trustee prays:

a.    That he be authorized to accept $10,000, or the highest bid amount, in exchange for the sale of all of the estate's assets;

b.    That he be authorized to execute documents as may be reasonable requested by the winning bidder to transfer assets of the estate pursuant to the terms of the Sale Agreement and this motion; and,

c.    For such other and further relief as may appear to be just.

DATED:    April 19, 2013

Byron Lee Lynch, counsel to
JOHN W. REGER,
Chapter 7 Trustee

Law Office Of
BYRON LEE LYNCH
P.O. Box 645
Shasta Lake, CA 96019

Motion
(BLL-4)
Page 7 of 7